25-1368 Randolph v. Prieur Mr. Piatt Yes, Austin Piatt No worries, Your Honor. Thank you. Yes, Austin Piatt for Appellant Edward Randolph. I'd like to reserve two minutes for rebuttal. Your Honors, after Mr. Randolph was the victim of two frenzied and chaotic prison assaults, during which he was slammed to the ground and beaten from behind by multiple officers, he brought pro se complaints properly alleging both claims of excessive force and failure to intervene. The District Court acknowledged and accepted that failure to intervene claim multiple times. Mr. Randolph then pressed that claim twice more in pretrial briefing. And Mr. Randolph's counsel proposed a failure to intervene jury instruction before the close of evidence. All of this goes to show that the District Court was wrong to conclude that there was no need for a failure to intervene instruction in this case. So you're saying he pressed it, but the initial jury instructions did not include it, right? Correct. And the second screening where the court identified the issues didn't include it. And the presentation of the issues at the opening of the trial didn't include it, right? So if I may, Your Honor, I'd like to walk through those in chronological order. So to start from the District Court's analysis of his amended complaint, I'll direct you to JA-283, where the District Court does not redo the 28 U.S.C. 1915 analysis. The District Judge, Judge Hurd at the time, references back to the analysis already done and says these amended complaints are nearly identical. The only change is they identify Sergeant Peacock instead of naming him as John Doe. So they're nearly identical on all the substance. So all of the analysis that the District Court originally did for Mr. Randolph's pro se complaints at JA-85 and 87 carries through to analyzing the amended complaint. You mean because the first judge on the case may have implied such a claim, that now gets imputed to the judge who tried the case who never heard the failure to intervene claim? Is that what you're saying? I want to be careful with this because, no, I don't – I'm not making that strong of a claim. I'm just saying that the District Judge, Judge Hurd, did identify, as required by statute, the meritorious claims, and one of those was a failure to intervene claim. And then the case goes through summary judgment with Judge Hurd and gets reassigned to Judge Nardacci. At that point, the failure to intervene claim has not been adjudicated, even through motion to dismiss and motion for summary judgment, where they're kicking out certain defendants and kicking out meritless claims. But what are we to do with the joint stipulation? When the parties come before the court pre-trial, what are the issues to go to the  Two claims of excessive force. No one mentions – you know, you have an obligation to say, Judge, we also have the failure to intervene claim. No one mentioned it. I – taking the pre-trial stipulations head on, I don't think it's as clear cut as that, because I would point the court to – it's at J416 to 420. There's mention of Officer Vandenberg at that time. And that mention of Officer Vandenberg, he can only be continuing in this case because all – if there's a failure to intervene claim, because all sides agree Mr. Randolph never alleged that Officer Vandenberg used excessive force against him. Well, but I – oh, please. I didn't mean to interrupt if you want to continue, but I have a question about this Vandenberg thing. So the amended complaint says in paragraph 78, the plaintiff hereby names Correction Officer Vandenberg as a defendant because it is believed by the plaintiff that the named defendant knew of defending assault against the petitioner and that he did not say or do anything to intervene to prevent it, but instead acted in part to allow for the defendant prior to physically assault and abuse the plaintiff. And for this defendant, providing false and fabricated information disappears against the plaintiff during his given testimony at the plaintiff's disciplinary proceedings in an attempt to cover up the truth of what did actually take place during this incident. So then if I look at the instructions that actually went to the jury, the district court tells the jury, where officers act in concert with each other such as by lending aid or encouragement, the officers are each fully responsible for Mr. Randolph's injuries even though the particular officer in question may not have yielded the instrumentality of harm. In other words, an officer may be liable for using excessive force even if he or she did not strike the blow that caused Mr. Randolph's most significant injury. It is enough that the officer was at the scene and participated in the use of force. So it seems to me, you know, that this allegation that you made against Vandenberg would be covered by the idea that if you're acting in concert with other officers such as by lending aid or encouragement, that if the jury thought that your allegation against him was correct, they should have found him guilty or liable. So I respectfully disagree slightly, Your Honor, and I would point back to JA 1142 that you were just reading from and emphasize that last sentence of the jury instructions. It is enough that the officer was at the scene and, quote, participated in the use of force. Yes, I understand it says participated, but it's very clear that participation in the use of force does not involve actually laying hands on the defendant. It could be lending aid or encouragement or acting in concert. He was part of the unit that was transporting Mr. Randolph, right? Officer Vandenberg specifically was the officer on suicide watch during the August 11th incident. So he was just there in the background. And if you look at his— Given the charge that Judge Menasche just went through, the acting in concert charge, and given the defendant's position that they acknowledged that they used force—  —they argued that the force was justified, isn't it apparent that the jury found that there was no excessive force used by anyone? I do not think that is apparent. And, of course, for the harmless error standard here, this Court has to be convinced that the erroneous instructions did not affect the jury's verdict. I don't think that's apparent because, basically, as delivered, the jury instructions allowed the jury to go through in a divide-and-conquer approach, one by one. And the verdict sheet shows that the officers were listed individually and the no was checked for all of them. On this record, is there any suggestion that someone used excessive force? I mean, what — how could a jury have — how can we conclude that the jury might have found that someone used excessive force, but it just wasn't proven who did it? And I think what— Which I think is your theory that if the charge had been given, maybe there would have been a different result. Absolutely, because our theory is that with the failure to intervene instruction alongside the excessive force instruction, the jury is able to zoom out and view— Right. And I'll accept that that's theoretically possible, and you might have a case where that would work. But does it work in this case, in light of the instruction, in light of the testimony from the defendants, they admitted that they engaged — that they used force? I think it's particularly important in this type of case, where Mr. Randolph is being assaulted by multiple officers in a very frenzied and fleeting brawl, where he's going to be very unlikely to be able to recall with any specificity exactly who did what, who punched him, who kicked him, who held him down, who failed to intervene. So I get that. Your argument is it could be that the jury decided that somebody used excessive force, but we just don't know which defendant, and therefore we have to say that no defendant is liable because the case hasn't been proved against that defendant. The problem is the district court told the jury when officers act in concert with each other, even by lending aid or encouragement, they're all liable for whatever excessive force is being used. So even if the jury were persuaded that excessive force was used, they're not sure by whom, but they know who the officers were who were all surrounding them and doing the thing together. They should have found somebody liable, right, if they thought that there was excessive force. So a few points on that in response. First, I'll note that the jury instruction, which says if they encouraged or gave comfort, that would not sweep in Officer Vandenberg's conduct. Under his own post-use-of-force memo that he filled out at JA 1323, he says, I just stood there and watched as officers prior. He's there even in a support role. It doesn't say he has to lend aid or encouragement. Where officers act in concert with each other, such as by lending aid or encouragement. I think that implies. I don't know. Maybe you should have called him and said you were prepared to jump in if something happened. You were supporting the other officers, whatever. But if the jury thought that he was there in a support role and not questioning what they're doing, it seems like he should be liable under this instruction if they thought that there was excessive force being used. I still think the instruction as delivered contemplates a more active involvement because of that such-as language, like encouraging. So can I ask you this question? So if it said, where officers act in concert with each other, such as by lending aid or encouragement, and even by standing by to provide support if needed, everybody's fully responsible, then you'd say, yes, it's right that they would have found anybody liable. But that addition that you're putting into the jury's— And again, you're saying that that's a meaningful addition, but, like, that's the question. So, like, if I think that that's implied, then this instruction is sufficient. But you're saying it's not implied. It contemplates everybody laying hands on him. Exactly. Because I don't think we can infer that that was implied because that's the whole reason we have failure-to-intervene instructions. And that's if you look at the JA-1025. There would be somebody who might be guilty or liable for failure to intervene who's not acting in concert with the officers, like somebody who's not right there when they're applying the force, somebody who's, like, walking by and observes it by happenstance and fails to intervene or something, right? You might say that that person is not acting in concert but might fail to intervene. But if all the officers are there, it seems like the jury's telling— I'm sorry, the district court is telling the jury that, like, everybody there who's participating in that incident is liable if there's excessive force. But I think you still need the failure-to-intervene instruction because under this Court's case law, there's also questions of whether there was a reasonable time to intervene. And so your hypothetical where someone's walking by would present issues that need to be set to the jury. That's why there might be somebody that, where a failure to intervene requires a different analysis. But here, if everybody's there and present for the incident— I suppose my point, Your Honor, is that for the jury to consider the proper instructions with a failure to intervene, they need that instruction. Otherwise, just this inference— But trial judges, when giving instructions, look at the evidence that was presented before the jury. And I'm going to ask you in a moment, what evidence was there that he had an opportunity to intervene and failed to intervene that the jury heard? And in this case, in terms of the timing, it's my understanding that the evidence that at least the jury heard is that the assault occurred in a matter of 20, 30, 40 seconds at the most. So to take that directly on first— What evidence did they hear of this officer, the officer who was the suicide watch officer? Officer Vandenberg. Right. What evidence did they hear that he had an opportunity and failed to intervene? They heard testimony, especially from Mr. Randolph, recounting exactly what happened to him. Mr. Randolph asserts that the encounter lasted longer than the 10 to 20 seconds, so that's a fact that was contested. He also asserted he didn't know who hit him, right? Correct. Because he was on the ground. But what evidence did they hear that this particular officer had an opportunity and failed to intervene? I know they heard evidence he was there and that he was the suicide watch. But what evidence did they hear that he had an opportunity and failed to do something? So as soon as Mr. Randolph offered testimony saying what happened to him and then the other side comes in, officers Pryor and Rose, they were the ones there on August 11th, and they come in and say we used force, we had to subdue Mr. Randolph, and Mr. V—sorry, Officer Vandenberg stood by and did nothing. Those two together— Who said he stood by and did nothing? Sorry. I don't mean to exaggerate. What they said was Officer Vandenberg was present because he was the officer on watch that day, but he did not get involved with the physical altercation. There's a difference between he didn't get involved and he did nothing. That's what I'm looking for. Was there any kind of testimony that he could have intervened by your client and he did nothing to help me? I yelled out to him, help me. These guys are beating me up. So under that, I don't believe there needs to be some sort of call for help under this Court's case law with failure to intervene. No, I'm not talking about call for help, counsel. I'm talking about evidence. Trial judges instruct jurors based on the evidence the jury heard and the claims made and the inferences drawn from the questions asked. And I don't see, and I'm asking you to help me, identify what evidence, if any, this jury heard that this officer had an opportunity and failed to intervene either by claim made and inferences from questioning other than he was just physically there. So I'll try to help this way. When Mr. Randolph says that officers Pryor and Rose used excessive force against him because they assaulted him, he falls to the ground, they're continuing to punch him from behind, he knows Officer Vandenberg is present. And once he makes the allegation, his testimony is saying, I was the victim of excessive force. Officer Vandenberg was present and did not engage, did not come to my aid. That is the making of a failure to intervene claim. So you're saying that you have this paragraph in the amended complaint that says Vandenberg failed to intervene. And it's right there and it was really important and everybody should have realized it's part of the case, right? Did you call Vandenberg to the stand? No, he was always a defendant. And the other side was supposedly going to call him to the stand from the record we have. I'm not sure exactly what happened. But when he did not testify, Mr. Randolph's counsel moved for a missing witness jury instruction, that's at JA 1034, to try to say why isn't Mr. Vandenberg here to explain what happened. That was rejected by the district court. And isn't that because he was no longer an employee of the department? So he could have been called and subpoenaed by any witness, by any side. The district court did acknowledge that there could have been a subpoena given.  So plaintiff's counsel could have subpoenaed him and said, look, he's no longer under you know, he's no longer employed by the defendants, therefore we can subpoena him. But, you know, chose not to for whatever reason. And the defense chose not to call him. But that still leaves us with the record that we have in terms of the evidence that was or was not admitted. And I don't, I don't, I didn't see any testimony by your client that said Mr. Vanderbilt was there and he failed to intervene. You're not suggesting that he actually said that. He didn't help me. He failed to intervene. I thought his testimony was, I don't, it happened fast. I don't know who exactly was doing what. That's correct. The words, you know, Mr. Vanderbilt was there and failed to intervene were not used. But I don't think they have to be in order to invoke a failure to intervene claim. And when you look at this Court's cases where there is a failure to intervene claim, we cite several in our brief, Anderson v. Brennan, among others. There, the plaintiff does not have to allege this person was there and specifically failed to intervene. It's enough that they allege they were present and had a meaningful opportunity to intervene and didn't. But again, you're saying the way that you preserved the failure to intervene claim is by having the specific allegation against Vandenberg. Even the late-breaking proposed jury instructions that included the failure to intervene claim, did it mention Vandenberg? So the failure to intervene claim was not predicated solely on Vandenberg and Vandenberg alone. And if you look at JA 85-87 when the District Court analyzed Mr. Randolph's it wasn't saying, oh, Mr. — sorry, Officer Vandenberg is here, therefore, there must be a failure to intervene. He's saying taking the — Mr. Randolph's allegations about what happened on August 9th and August 11th, I see possibly meritorious claims of both excessive force and failure to intervene. Because, for instance, Sergeant Starlota, who was there on August 9th, he potentially could have failed to intervene as Officers Drew and Reynolds wrestled Mr. Randolph to the ground and punched him from behind. The way that you preserved this failure to intervene claim was the specific allegation against Vandenberg. Now you're saying that actually it was against everybody. Like, how is the District Court supposed to know that going into the trial? And I apologize if I wasn't clear about this. Officer Vandenberg bolsters the idea that there's a failure to intervene theory of liability alive in this case throughout. It's not predicated on him being there and that's the only reason there's a failure to intervene claim. We're saying there's a failure to intervene claim, as the District Court acknowledged at JA 85-87 in its discovery order. So you don't disagree that to have a failure to intervene claim there has to be a predicate excessive use of force, right? We totally agree with that. Okay. And so the jury thought there wasn't one. So what's the theory that reconciles the jury verdict with the existence of a predicate excessive use of force? Because under the erroneous jury instructions they received, they were able to engage in a improper divide-and-conquer analysis that, rather than consider everything that happened, they went one by one. They could have gone, in all likelihood, did go one by one through each defendant and say, did Mr. Randolph allege enough against Officer Pryor? No. Did Mr. Randolph allege enough against Officer Rose? No. Well, when they say, did you allege enough, it's not just like the jury. I think you agree with this. The instructions are clear enough that it doesn't have to be that any one officer used the excessive force. They have to be, they could be acting in concert with other officers, and collectively there was an excessive use of force, right? Like, that's back. It's not under your interpretation that it involves some degree of participation. Like, you know, putting aside Vandenberg, who didn't participate, like, if there was an excessive use of force, they don't have to decide that any officer actually used that force. They would just have to decide that the officer was acting in concert with somebody who did or with a group that collectively did. We still think that the need for a failure to intervene jury instruction would have allowed them to zoom out and consider that type of acting. I'm not talking about failure to intervene. I'm talking about, like, how is it that a predicate excessive use of force could have slipped through the cracks of this jury instruction that would still allow there to be a successful failure to intervene charge against anybody. So let me try to take a run at that with a concrete example. Take August 9th, right? Officer Reynolds takes Mr. Randolph to the ground. Officer Drew runs in from outside the room to help Officer Reynolds. At that point, Mr. Randolph testifies. He's slammed to the ground. He's bleeding from his eye. A hair braid is pulled out, and he's being beaten as Sergeant Scarlotta stands by and eventually administers pepper spray to his face. Under a theory with failure to intervene instructions, the jury could have considered, okay, even though he's not alleging anything specific against Officer Scarlotta at the time that the other two officers are assaulting him, if he should have intervened at that point and stopped it, stopped the use of excessive force and didn't, he can still be liable. Yeah, I understand you're talking now, again, about the failure to intervene claim, but I'm talking about the predicate excessive force. So if the jury hears the testimony that there was the one officer, another officer came, and there were two people beating him up, the jury concluded that that was not an excessive use of force. And our submission is that they concluded it was not an excessive use of force under erroneous instructions that led them to improperly consider the evidence. The charge was that it would be enough if an officer participated in the use of force. And if there was excessive force, the participating, even if you don't strike the most serious blows, then you would be liable. That's the charge. No one was found liable. Doesn't that imply that the jury found that there was no excessive force at all? We think the jury considered them. Doesn't that imply that, in other words, you could be liable for the use of excessive force even if you didn't use excessive force as long as you participated. Clearly, the evidence was these officers participated in the use of force. So if anyone used excessive force under the instruction, those officers would be liable. And the jury said no. And therefore, doesn't that imply that there was no excessive force? Even accepting that that does, in fact, imply that, that's still not the standard for evaluating whether not including a failure to intervene instruction was harmless because this court has to be convinced that it did not affect the jury's verdict. So even if we think there's a plausible ---- In light of what I've just said, how would it have mattered if there had been a failure to intervene instruction? Because with the failure to intervene instruction, they're not viewing the evidence with one eye shut. They're actually considering, okay, what was officer ---- Under my scenario, if anyone, even if it was an unidentified, they couldn't identify specifically who did it, if there was any use of excessive force, then anyone who participated would have been liable. We still think the jury instructions as delivered, and also when you pair this with the closing arguments defendants made below, I would direct the Court to JA 1142 and 1145 ---- sorry, 1182 and 1185. They're defending on a you-cannot-say-who-did-what theory, and that is not a plausible defense when you actually have a failure to intervene instruction as well, because then it doesn't matter if Mr. Randolph cannot identify exactly who did what. He can allege that excessive force was used, and it's no defense to say, and I stood by and did nothing. So we think the failure ---- But the instructions told the jury that they could consider and hold liable collectively what everyone did and find it excessive force. They didn't find it collectively or individually. It's as if you're saying if the jury heard a failure to intervene, they could have found a failure to intervene to no force, no excessive force at all. There's force used, right? But they found it wasn't excessive, either collectively or individually. And if that's the case, then the failure to intervene can't exist because there's no excessive force. We acknowledge that. There has to be the predicate use of excessive force for a liability under failure to intervene. Our point is that you're right. It's possible they considered the collective excessive use of force theory and said no. We do not think that's the likely way they considered the evidence, given the way it was argued below and the way the jury was presented. We think they went through and engaged in an improper divide-and-conquer approach, which would have been ameliorated by a proper ---- But if they did that, they would have been acting inconsistent with the jury instructions, right? I don't think that's true because I think you can read enough into the jury instructions that allows for that type of look at each one and how they participated in the use of force and say, is there enough? Do you object to the jury instructions? Did you say, I think it needs to be clear that it could be that there is collective responsibility as opposed to one by one? I mean, obviously the purpose of that instruction was to make clear that it does not need to be one by one, right? And if you think it inadequately accomplished that purpose, did you suggest an alternative way of phrasing it? No. The cure below was to propose failure to intervene instructions to go alongside these. It was not to amend the way the excessive force instructions were worded. But we think that's why it's important that these two go hand in hand, especially in these circumstances where you have a multi-officer prison brawl, because the jury needs to be able to consider the two. They're fellow travelers. We point out in our brief that ---- Okay. Thank you, Your Honor. Mr. Seuss. Is that right? It's Seuss. You got that right. Oh, that's great. Congrats. All right. Go ahead. Good morning, Your Honors. Randolph was not entitled to instruction on the elements of failure to intervene. Much of my argument has come out during the appellant's argument to the extent that Randolph is relying on the allegation in his complaint. Our defense lay in abandonment. Abandonment assumes that maybe something had been raised at the outset. It's just that in the five years between the original complaint ---- He raised the issue in pretrial submissions, right? Your Honor, that was raised. They rely on their trial memo where I'll give them credit at least for using the particular defendant. They don't say Vandenberg failed to intervene or this collection. It doesn't sound to me like they abandoned it if they raised it in their pleadings, in their trial briefs twice. Well, Your Honor, read in conjunction with the proposed jury instructions that were submitted the exact same day, they asked the jury to hear the elements of excessive force but not failure to intervene, which happens to mirror the jury instructions that we submitted. So as of March 2025, despite that mention, when you look at what the parties want the jury to consider ---- It seems that from time to time both the court and the parties use the phrase excessive force in a broader sense to include a failure to intervene claim. That's one of the arguments that Randolph raises, but we respectfully disagree, Your Honor. Excessive force and failure to ---- Didn't Judge Heard do that himself initially? Judge Heard in the initial order ---- Judge Heard, the Vandenberg failure to intervene claim was in the case. Vandenberg was still considered part of the case. And there's some merit to the argument that the term excessive force was used in a broader way to include the failure to intervene. Well, Your Honor, I would agree that excessive force and failure to intervene are two shades of an Eighth Amendment claim, of course. But what we have is the court itself referring to the use of excessive force. I believe that's also in the stipulation, use of excessive force. So it's not just excessive force writ large. Even if you were to accept that excessive force used more broadly, that failure to intervene could somehow be like part of the family, failing to intervene in a use is not itself a use. And going to the stipulation, that was the golden opportunity for Randolph to clarify, wait a second, I have a failure to intervene claim here. It hasn't really been talked about. It wasn't talked about at the earlier pretrial conference. But here the parties now both represented by counsel, they're negotiating. They're hashing out. This is what the trial is going to be about. And on the first two pages of this stipulation, they enumerate claims. And the claims are the Eighth Amendment claim for excessive force on August 9th and on August 11th. No mention of failure to intervene. You also make the argument that even if it's an error, it's harmless because the jury said there was no predicate. Use of excessive force, right? That's right, Your Honor. So opposing counsel says, well, the jury could have gone one by one and just said there wasn't sufficient evidence against about who did it. But there still was excessive force. And that could explain the jury verdict. And your position is that that's impossible, right? That's right, Your Honor. You say that that's impossible now, but in your Rule 50 motion, didn't you say like actually that he has failed to prove who did what and that's fatal to his claims? So at the trial, didn't you take the position that actually that would be a way for the jury to acquit everyone is that you don't know who did what? Well, our Rule 50 motion was not heard by the jury. It was on the ground of legal sufficiency. And our basis then, when we argued it to the court, was that Randolph simply failed to tie each of the defendants to uses of force that would qualify as excessive force. That was rejected. The district court heard that and said, I think there are questions of fact here and that this can go to trial. And to the extent that Vandenberg — to the extent that Randolph is saying that that's now a risk of juror confusion, that's a red herring for the reasons that this Court has already pointed out. That in concert instruction does all the heavy lifting that Randolph suggests the failure to intervene instruction would do. So you were pushing the argument that actually he has to show that there's some individual officer who used excessive force himself, but then the district court decided it should go to the jury on the theory that if there's excessive force, then all the officers acting together would be liable for the excessive force. That's right, Your Honor. So that's why your motion was rejected. Yes, Your Honor. Now, I mean, I understand you can make arguments in the alternative, but you now say, well, it's properly rejected because, you know, that was submitted to the jury and that's liable theory. Well, sure. It's a motion for directed verdict. It's sort of akin to like a motion for summary judgment. No questions of fact. I know it is. I understand. Sure, sure. You're commenting on the way that the government saw the evidence at that time versus the arguments that are now on appeal. Well, and of course — I mean, I guess you could say maybe you think you're right, but regardless the district court instructed the jury that everybody who was present would be liable for an excessive use of force. With no instruction — with no objection from either side. I would also point out that as I'm sure this Court is aware, it's quite common after the close of the plaintiff's evidence to make a motion for a directed verdict just to preserve one's rights on appeal. They are frequently rejected. And, yes, the Court — Okay. So we heard opposing counsel just say that actually the jury instructions still would have allowed the jury to go officer by officer and decide that excessive force hadn't been proved against any individual. Why do you think that's impossible under the jury instructions? Because the Court instructed the jury do not look at each — do not look at each defendant's use of force. It's not — they don't have to individually inflict an amount of force that would amount to excessive force. It is enough if they participated. To borrow some of the examples that have been used, let's use defendant Scarlata. So if the jury had accepted Randolph's version of events, and of course it didn't, but had it done so, Sergeant Scarlata was alleged to have directed Renaud and Drew to, quote, do him, and that's what precipitated the assault. If that were accepted, Scarlata would have been liable for excessive force, not failure to intervene, excessive force, without ever having to personally laid a finger on him. He was acting in concert. Absolutely. That would have been an act in concert. That would have been aid, encouragement, support. And the other two would have been also liable because they applied the force. Of course. And so — What about Vandenberg? Do you think under these instructions the fact that he's standing by would be enough to say that he's acting in concert with the other officers if the jury thought that there was an excessive use of force being applied? It might not have been enough to have found in concert, but I want to point out something that we disagree with factually, which is that Randolph alleges that Vandenberg's presence means it could only be failure to intervene. But if you look at the trial memo, the same trial memo on which they rely, they said each defendant used excessive force. Each defendant assaulted me. That means Vandenberg. Look at the preliminary instructions. That's on page 429 of the appendix. The district court tells the jury that on August 11th, Pryor, Rose, and Vandenberg physically assaulted Randolph. There's no objection from Randolph. Like, wait a second, that's not what we're alleging. We're only alleging failure to intervene. And then if you look at the closing statement, after failure to intervene is taken off the table by the rejection of the jury instruction, Randolph doesn't say, well, failure to intervene was my only case against Vandenberg, so I'm going to have to let him go. No, he argues that Vandenberg can still be held liable, and that necessarily has to be for excessive force because there's no failure to intervene claim. So he might have had a weak claim. He might have had an unsupported claim, but that doesn't allow him to go post hoc and conform the evidence to the claim he wishes he had preserved. With respect to a failure to intervene instruction standalone, I think the point might have been made already that Pryor and Rose simply were not found liable for excessive force. So there was nothing that triggered a duty to intervene on the part of Vandenberg. Assume we had a failure to intervene instruction and assume that the circumstances at the time the case went to the jury might have allowed Vandenberg to have been held liable for failure to intervene. What they ultimately found is that Pryor and Rose did not inflict an excessive force. So if they had found Vandenberg liable for failure to intervene under those circumstances, that would be an illegally unsupported verdict. It would have to go back. So that really underscores the potency of this harmlessness inquiry. What you're hearing from Randolph is that if only there were a failure to intervene instruction, maybe the jury would look at some of these excessive force claims again and find that they're not excessive. But that question was already posed to the jury. I know in their briefing they accused defendants of trying to raise counterfactuals, and it's impossible to ever know, but that's what harmless error analysis is all about. It happens in a controlled environment. It assumes other things equal. It assumes that if the jury faithfully applies the instructions that it's actually given, could and should the result have possibly differed? And the answer here has to be no, because none of the defendants were found to have done anything that was unjustified. That was what this trial was all about. I can't emphasize more that every single testifying defendant here admits that, A, they were there, and, B, they participated in a use of force. They don't try and deny it, and there's certainly no wiggle room to find that there's some unidentified conspirator that actually had inflicted the assault. The only question in this case is why. That's what this trial was about. Randolph says defendants attacked him because he dared to speak his mind. Defendants say that Randolph was actually the aggressor, and they used only the force that was necessary to bring him under control. The jury, by finding in favor of all of the defendants necessarily, at least on the record developed in this case, had to have found that it was defendants' version of events, that was true, and that that meant defendants did, in fact, use force, but as a constitutional matter, that use of force didn't violate the Eighth Amendment. And without that predicate use of force, a failure to intervene instruction would not and could not as a matter of law have changed the outcome. What Randolph is looking for is basically a rank do-over. Let's just send it back to the jury and take our chances. But that's not what harmless error analysis is about. And that should be rejected in this case. We would ask this Court to affirm.  Okay. Thank you very much, Mr. Hitzhuse. We'll turn back to Mr. Pyatt on rebuttal.  Thank you, Your Honor. Just a few quick points to try to clarify on rebuttal. So I would direct this Court to a few cases that maybe can address, Judge Monash, your question about why need the failure to intervene instruction on the instructions as given here, when there's already this kind of in concert theory at play. And cases like Anderson v. Brennan, Fiskel v. Armitage, Smith v. Mensinger, and Walker v. City of New York, which we cite in our briefs, all address the reason why you need to have a failure to intervene instruction, especially where there's a case where, in cases where the individual plaintiff cannot say exactly who did what, which gets me to my second point, which is something we emphasize in our brief, which is, of course, the need and fundamental principle behind alternative pleadings. And so, for instance, my friend on the other side talked a lot about why did we continue with a claim of excessive force against Officer Vandenberg. I don't think at that point we would have just thrown our hands in the air and given up trying to hold Officer Vandenberg liable. But this also highlights why, in these cases, where Mr. Randolph and plaintiffs in general are not going to be able to say exactly who did what, they're able to bring claims to say, Officer Vandenberg may have used excessive force against me. I don't know. I was, you know, facing the wall. And then, if he didn't, then he can be held liable for failure to intervene. And that's exactly what happened in the case they cite in their brief, Walker v. City of New York, where this court was very concerned about the risk of kicking someone out because they can't be held liable for excessive force without the jury ever considering the possibility that they're held liable for failure to intervene. And the last point I'll just make is on this theory that the jury did go through and consider the improper divide-and-conquer approach. It's not just the Rule 50 colloquy that was before the court. It's in their closing argument at JA 1182 and 1185 that they continue to press this argument that Mr. Randolph cannot say precisely who did what. Therefore, his claims of excessive force must fail. So I think that lends itself to the jury considering this improper approach. And I see my time has expired, and I thank you for the extra time you gave me earlier to make my argument. And we ask that you reverse for a new trial. Thank you. No problem. Thank you very much, Mr. Hyatt. The case is submitted.